UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20461-3-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA

v.

ADRIANA JALIL,

   Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA**

United States District Judge Jose E. Martinez referred to the Undersigned a change of plea hearing for the acceptance of the defendant's guilty plea. [ECF No. 137]. The Undersigned conducted a hearing and recommends the following to the District Court:

1.    On October 13, 2016, the Undersigned convened a hearing to permit the defendant to enter a change of plea. The Undersigned advised the defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised the defendant that the Undersigned was conducting the change of plea hearing on an Order of Reference from the District Court and with the agreement of the defendant, the defendant's attorney, and the Department of Justice Attorney assigned to this case. The Undersigned further advised the defendant that the

District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. The defendant, the defendant's attorney, and the Department of Justice Attorney assigned to the case all agreed on the record to the Undersigned conducting the change of plea hearing.

3. The Undersigned conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. There is a written plea agreement that has been entered into by the parties in this case. [ECF No. 154]. The Undersigned reviewed the plea agreement on the record and had the defendant acknowledge that the defendant signed the plea agreement. The Undersigned made certain that the defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to the plea agreement and the applicable statutes.

5. The defendant pled guilty to Count 10 of the Superseding Indictment. [ECF No. 63]. Count 10 charges the defendant with conspiracy to defraud the United States and pay and receive healthcare kickbacks in violation of Title 18, United States Code, Section 371.

6. Through a written factual proffer signed by the defendant, the government stated a factual basis for the entry of the plea, which included all of the

essential elements of the crime to which the defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. [ECF No. 153]. The defendant acknowledged the accuracy of the factual proffer and acknowledged her guilt and knowing participation in the alleged crime.

7.   The Undersigned also discussed with the defendant that an adjudication of guilt could affect her immigration status including, but not limited to, being subject to deportation or denaturalization. The defendant understood and acknowledged that her guilty plea may have an effect on her immigration or naturalization status.

8.   The Undersigned also discussed the defendant's waiver of her right to appeal her sentence under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, as set out in the plea agreement. The defendant and the defendant's attorney stated that they had discussed this waiver and that the defendant knowingly and voluntarily waived her appellate rights.

9.   Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned respectfully recommends that the District Court find that the defendant freely and voluntarily entered a guilty plea as to Count 10 of the Superseding Indictment, and that it adjudicate the defendant guilty as to Count 10 of the Superseding Indictment.

**ACCORDINGLY,** the Undersigned respectfully recommends that the District Court accept the defendant's plea of guilty, adjudicate the defendant guilty of the

offenses to which a plea of guilty has been entered, and conduct a sentencing hearing for final disposition of this matter.

The parties shall have 7 days from the date of this Report and Recommendations to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case. Each party may file a response to the other party's objection within 3 days of the objection. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on October 13, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Jose E. Martinez
All Counsel of Record
United States Probation