USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

Page 1 of 6

**Date of Original Judgment: 1/6/2017**

**Reason for Amendment:**

X   Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

UNITED STATES OF AMERICA

v.

ADRIANA DE LA CARIDAD JALIL

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: **16-20461-CR-MARTINEZ(s)**
USM Number: **13627-104**

Counsel For Defendant: **Samuel Rabin; Andrea Lopez**
Counsel For The United States: **Lisa Miller**
Court Reporter: **Dawn Whitmarsh**

**The defendant pleaded guilty to count(s) 10 of the Superseding Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C.§ 371 | conspiracy to defraud the United States by paying and receiving healthcare kickbacks | 06/2016 | 10 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **1/6/2017**

_____
Jose E. Martinez
United States District Judge

Date: 3 April 2017

DEFENDANT: **ADRIANA DE LA CARIDAD JALIL**
CASE NUMBER: **16-20461-CR-MARTINEZ(s)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **14 months** as to Count Ten.

**The court makes the following recommendations to the Bureau of Prisons:** Defendant shall be assigned to a facility in South Florida commensurate with her background and the offense of which she stands convicted.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

Page 3 of 6

DEFENDANT: **ADRIANA DE LA CARIDAD JALIL**
CASE NUMBER: **16-20461-CR-MARTINEZ(s)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** as to Count Ten.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                              Page 4 of 6

DEFENDANT: **ADRIANA DE LA CARIDAD JALIL**
CASE NUMBER: **16-20461-CR-MARTINEZ(s)**

## SPECIAL CONDITIONS OF SUPERVISION

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Health Care Business Restriction** - The defendant shall not own, directly or indirectly, or be employed, directly or indirectly, in any health care business or service, which submits claims to any private or government insurance company, without the Court's approval.

**No New Debt Restriction** - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Unpaid Restitution, Fines, or Special Assessments** - If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

***The probation office has possession of the defendant's Italian and U.S. passports. It is ordered the probation office is to: surrender passport to Department of State.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                                          Page 5 of 6

DEFENDANT: **ADRIANA DE LA CARIDAD JALIL**
CASE NUMBER: **16-20461-CR-MARTINEZ(s)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Restitution |
|--------|------------|--------|-------------|
| TOTALS | $100.00    | $0.00  | $540,000.   |

The defendant must make restitution (including community restitution) to the attached list of payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **NAME OF PAYEE** | **TOTAL LOSS*** | **RESTITUTION ORDERED** | **PRIORITY OR PERCENTAGE** |
|---|---|---|---|
| Centers for Medicare and Medicaid Services | $0.00 | $540,000. | |

**Restitution with Imprisonment -** It is further ordered that the defendant shall pay joint and several restitution with the codefendants in the instant offense and the defendants in docket numbers 16-20444-CR-LENARD, 16-20445-CR-MARTINEZ,16-20447-CR-UNGARO,16-20449-CR-MIDDLEBROOKS,and 16-20492-CR-WILLIAMS, in the amount of **$540,000.** During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. These payments do not preclude the government, and subsequently the U.S. Probation Office from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations.  The restitution and fine shall be made payable to Clerk, United States Courts, and forwarded to the address below.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                                Page 6 of 6

DEFENDANT: **ADRIANA DE LA CARIDAD JALIL**
CASE NUMBER: **16-20461-CR-MARTINEZ(s)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several**

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| 16-20461-CR-MARTINEZ-Milka Yarlin Alfaro | $0.00 | $540,000. |
| 16-20461-CR-MARTINEZ-Mildrey De La Caridad Gonzalez | $0.00 | $540,000. |
| 16-20461-CR-MARTINEZ-Luis Enrique Luzardo | $0.00 | $540,000. |
| 16-20444-CR-LENARD-Ramon David Collado Gonzalez | $0.00 | $540,000. |
| 16-20445-CR-MARTINEZ-Linda Marquez | $0.00 | $540,000. |
| 16-20447-CR-UNGARO-Julio C. Velazquez | $0.00 | $540,000. |
| 16-20449-CR-MIDDLEBROOKS-Maitee Gonzalez | $0.00 | $540,000. |
| 16-20492-CR-WILLIAMS-Juan Castillo Mayedo | $0.00 | $540,000. |

**Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. The United States shall submit a proposed order of forfeiture within three days of this proceeding.**

**Restitution is owed jointly and severally by the defendant and co-defendants in the above cases.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.